Bellacosa, J.
(concurring). I concur in Judge Simons’ opinion and rationale for affirmance in this case, noting, however, that as to other facets of inmates’ rights to privacy which might implicate fundamental constitutional protections, a higher test than rational basis would be necessary to pass constitutional challenge, as Chief Judge Wachtler’s separate concurring opinion has stated.
Chief Judge Wachtler (concurring). I agree that the order of the Appellate Division should be affirmed. However, I reach this conclusion upon different grounds and do not agree that our inquiry is limited to a rational basis analysis.
I do not view as dispositive the cases cited by the plurality in concluding that no constitutional right is implicated here (see, Board of Pardons v Allen, 482 US —, 107 S Ct 2415 [mandatory language in statute created a liberty interest]; Matter of Russo v State Bd. of Parole, 50 NY2d 69 [statute requiring application of subjective criteria does not create a liberty interest]; Matter of Mary of Oakknoll v Coughlin, 101 AD2d 931 [the State is not required to establish conjugal visitation programs]). Unlike those authorities, the case before us is more reminiscent of instances in which a prisoner has no liberty interest in participating in a program, yet a higher standard of scrutiny is required because the decision to disallow participation is based upon how the inmate will exercise other, constitutionally protected rights (see, e.g., French v Heyne, 547 F2d 994; McCalvin v Fairman, 603 F Supp 342).
*62 I feel that it must be recognized that the decision at issue here was not based, for example, upon the Commissioner’s dispassionate assessment of the extent of prison resources (see, Matter of Mary of Oakknoll, supra) or upon an inmate’s level of rehabilitation (see, Brandon v District of Columbia Bd. of Parole, 631 F Supp 435). Instead, his decision was based upon a calculated risk that, if left alone, the inmate and his wife as a married couple would engage in sexual relations. I believe, therefore, that because this decision encroached upon "the most personal aspects of the marriage commitment,” it raises constitutional implications (see, Turner v Safley, 482 US —, 107 S Ct 2254).
I agree with the result reached by the plurality, however, because I believe that under the higher scrutiny required by the implication of a constitutional right the Commissioner’s decision has a sufficient basis (see, Turner v Safley, 482 US, at —, 107 S Ct, at 2261, supra [although affecting a constitutional right, a prison regulation is valid if it is " 'reasonably related’ to legitimate penological interests”]; O’Lone v Estate of Shabazz, 482 US —, 107 S Ct 2400, 2405 [the prison regulation "must have a logical connection to legitimate governmental interests invoked to justify it.”]).
By statute the "safety and security of the community” are made penological objectives, and the Commissioner is expressly charged with the duty to act consistently with these objectives (Correction Law § 70 [2] [a]). I believe that this duty, and these penological objectives, reasonably include protecting a visitor to the prison from the risk of being exposed to a concededly fatal infectious disease.
I also note that petitioners are not arguing that alternative means of exercising the right remain open, that there exist alternative avenues, or that they can be accommodated in the sense that the benefits of the Family Reunion Program may be obtained in this case without exposing the visitor to the risk of infection. Nor do they argue that there are "easy alternatives” for accommodation that show that the Commissioner’s decision is an "exaggerated response” to the perceived risk (see, Turner v Safley, 482 US, at —, 107 S Ct, at 2262, supra).
It seems to me that consideration of alternatives to complete inaccess to the Family Reunion Program will be important in future cases. To an inmate with a terminal illness, the emotional support and commitment symbolized by marriage, *63 which must be recognized in a prison context under Turner v Safley (supra), may be the only comfort that remains. Whether this requires implementation of alternatives such as more structured family reunion visits awaits analysis in a future case and implicates fundamental privacy rights which may not be controlled by a mere rational basis test.
For these reasons, I respectfully concur in result only.